**David HULI, Plaintiff–Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant–Appellee.**

**No. 543, Docket 88–6195.**

United States Court of Appeals, Second Circuit.

Argued Jan. 25, 1989.

Decided April 5, 1989.

David Huli, New York City, pro se.

Bernard W. Bell, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Edward T. Ferguson, III, Asst. U.S. Atty., New York City, on the brief), for defendant-appellee.

Before NEWMAN, PIERCE, and MAHONEY, Circuit Judges.

PER CURIAM:

The only issue of substance on this appeal is whether a taxpayer, properly denied deductions for losses on stock sales claimed as business expenses, is entitled to whatever tax benefit he would have received had he properly reported the losses as capital losses. The issue arises on a *pro se* appeal by David Huli from a judgment of the

District Court for the Southern District of New York (Shirley Wohl Kram, Judge) dismissing on the merits his tax refund suit in light of a jury's special verdicts. Since this issue was not adjudicated by the District Court, which is entirely understandable in light of Huli's somewhat confused presentation of his claim, we remand so that the issue may be properly considered and decided by Judge Kram in the first instance.

Huli brought a tax refund suit in the District Court to recover income taxes for 1979 collected by the Internal Revenue Service by notice of levy. On his 1979 return he reported negative taxable income resulting from a net loss claimed to have been sustained in the conduct of two "businesses," a "stock trading business" and a "clerical services business." He reported the results of both "businesses" on separate Schedule C's. For the "stock trading business" he reported that his losses on stock transactions exceeded his gains by $17,752. Deducting this net loss, plus other "business" expenses, from dividends alleged to be "business" income, he reported a total loss from his "stock trading business" of $13,545. For the "clerical services business" he reported a net profit of $7,721, after claiming $2,924 of "business" expenses. Combining the results from his "businesses," Huli reported a net business loss of $5,824, which more than offset his interest income, leaving a negative gross and taxable income figure, and no tax due.

Upon examination of the return, the Internal Revenue Service made several adjustments. It reclassified as dividend income the dividends that had been reported as gross receipts from a business, reducing their total by $100 to reflect the then applicable exclusion for dividend income. The Service then disallowed all the deductions Huli had claimed for his "stock trading business" including the net loss of $17,752 from stock transactions. Finally, the Internal Revenue Service disallowed most of the expenses claimed for the "clerical services business." These adjustments resulted in a tax due of $5,357.67.

In the refund suit, the jury was asked to return special verdicts on three topics: (1) whether Huli's clerical activities constituted a trade or business, (2) whether his stock transactions constituted a trade or business, and (3) whether various items claimed by Huli as business expenses were ordinary and necessary expenses of his securities or clerical activities. The jury answered "no" to all these questions. Judge Kram thereupon entered judgment dismissing the complaint.

On appeal, Huli first asserts several wholly insubstantial challenges to the correctness of the jury's verdicts, none of which requires discussion. The evidence fully supported the jury's determinations that Huli did not operate either a "stock trading business" or a "clerical services business" and that his disallowed expenses were not ordinary and necessary expenses.

His second contention, however, is not so readily resolved. He contends that if his losses from stock sales were not a proper deduction from ordinary income as a business loss, those losses should at least be recognized as capital losses, with the result that he would be entitled to a $3,000 deduction in 1979 and a capital loss carry-forward in subsequent years of the losses in excess of $3,000. The Internal Revenue Service brief in this Court makes no response to this contention. Indirectly, however, the brief appears to give some support to Huli's contention. The Internal Revenue Service points out that whether Huli was entitled to deduct losses from the sale of stock as business losses "turns on whether such losses should be treated as ordinary losses or capital losses," Brief for Appellee at 7, thereby implying that the losses should be treated as capital losses. No claim is made that the losses did not occur, nor was such a claim made at trial. Indeed, the brief even acknowledges that a "nominal" deduction is available for excess capital losses. *Id.* at 8 n.*.

Huli's contention appears to pose two questions. The first is whether a taxpayer claiming a refund for disallowed net stock sale losses claimed as business expenses must explicitly set forth in his refund claim, as a fall-back position, his entitlement to the tax benefits of treating such

net losses as capital losses. The second is whether, if he may receive the tax benefits such capital losses would afford him for the year for which he sought a refund, he may also receive the tax benefits for other years resulting from a carry-forward of the excess capital loss. That Huli's claims are not insubstantial is indicated by the action of the I.R.S. in giving the taxpayer the benefit of the $100 dividend exclusion when it reclassified his dividends as dividend income instead of business income.

Since we do not find the answers to these questions readily apparent in the Internal Revenue Code, Internal Revenue Service regulations, or reported decisions, and since the issues have neither been briefed by the parties nor adjudicated by the District Court, we deem it appropriate to remand so that the District Court may decide them in the first instance. The jury decided only the factual issues submitted to it, leaving for the Court the remaining issues necessary to be resolved for entry of an appropriate judgment. *See* Fed.R.Civ.P. 49(a). Accordingly, we vacate the judgment and remand to the District Court for resolution of the issues we have identified and entry of an appropriate judgment. The jury's findings are not disturbed.

Vacated and remanded.