

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-1996

# Bachner v. Commissioner IRS

Precedential or Non-Precedential:

Docket 95-7121

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Bachner v. Commissioner IRS" (1996). *1996 Decisions.* Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 95-7121


RONALD C. BACHNER,

<u>Appellant</u>

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE



On Appeal from the Decision of the U.S. Tax Court
(Tax Court No. 92-27019)



Argued October 24, 1995

Before:  SLOVITER, <u>Chief</u> <u>Judge</u>,
COWEN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed  April 17, l996)

Dennis P. Craig  (Argued)
Pittsburgh, PA  15102

        Attorney for Appellant

Gary R. Allen
Ann B. Durney
Kenneth Rosenberg (Argued)
United States Department of Justice
Tax Division
Washington, D.C.  20044

        Attorneys for Appellee

OPINION OF THE COURT

SLOVITER, Chief Judge.

Ronald C. Bachner appeals from the decision of the United States Tax Cou[rt] sustaining the determination of the Commissioner of Internal Revenue of deficiencie[s] and additions to Bachner's federal income taxes for the tax years 1984 and 1985. [He] claims that the applicable statute of limitations bars assessment for each year.

## I.

### Facts and Procedural History

In 1984 and 1985, Bachner was employed as a laboratory technician by the Westinghouse Electric Corporation. In November 1984, he sent the first of three le[tters] to the Internal Revenue Service (IRS), all requesting assurance that his filing of [a] return would not cause him to be treated as having "relinquished" any of his constitutional rights. The District Director responded with letters emphasizing th[at the] Internal Revenue Code mandated the filing of returns, describing the penalties othe[rwise] applicable, and urging Bachner to submit the required information and pay the requi[red] amount.

On April 15, 1985, Bachner filed a timely Form 1040 for the 1984 tax year[. In] addition to providing his name, social security number, and other identification information, Bachner reported $24,441.71 on Line 7, captioned "Wages, salaries, tip[s,] etc.", and attached the Form W-2 from his employer stating the same amount of compensation.

Bachner typed "XXXXXX" over the caption designated "Moving expense" on Li[ne] and typed the amount $24,441.71 in the space provided. He added in the margin the [words] "No Income or Taxable Compensation See Attached Letter and Eisner v. Macomber 252 U[.S.]

3

He attached a letter along with the Form W-2, in which he claimed a refund of "erro[neously] withheld" federal income taxes, cited twenty-two court decisions and the Internal R[evenue] Code for support, and stated that his submission did not constitute a waiver of any [of his] rights. By applying his claimed deduction against his stated income, Bachner repor[ted] zero taxable income. He further claimed a refund of $4,396.95, the total amount wi[thheld] as taxes from his year's salary. The withheld taxes were not refunded.

At approximately the same time Bachner filed this return for 1984, Bachne[r filed] three Forms 1040X (Amended U.S. Individual Income Tax Return), claiming refund of f[ederal] income taxes he had paid for the 1981, 1982 and 1983 tax years. Each of the claims included the statement "I have no income or taxable compensation," and was accompan[ied by] the same letter Bachner had attached to his 1984 return.

In March 1985, Bachner filed with his employer a Form W-4 (Employee's Withholding Allowance Certificate), on which he claimed exemption from income tax withholding. Bachner indicated on the form that he did not owe any federal income [tax for] the previous year and would not for the current year, and that he had a right to a [full] refund of all income tax withheld for the previous year and expected the same for t[he] current year.

In August 1985, the IRS asked Bachner to provide further information rega[rding] his claimed exemption from income tax withholding. Bachner responded by a letter a[gain] declaring that he had no taxable income and again attached the letter he had attach[ed to] his 1984 Form 1040 and to each of his three Forms 1040X. Multiple rounds of correspondence followed, with the IRS notifying Bachner that it deemed his claim of exemption invalid and had directed his employer to withhold accordingly. Predictabl[y,]

4

Bachner repeatedly disputed the IRS's authority to do so and asserted the validity [of his] exemption claim.

Bachner earned $26,901.76 in wages in 1985, of which $1,547.71 was withhe[ld as] federal income tax. Bachner filed no Form 1040 or 1040A for the 1985 tax year.

In June 1989, Bachner was indicted on one count of tax evasion for the 19[85 tax] year, in violation of 26 U.S.C. § 7201, and four counts of filing false, fictitious[, or] fraudulent claims for tax refund for the 1981 through 1984 tax years, in violation [of 18] U.S.C. § 287. After a jury trial in the Western District of Pennsylvania, Bachner [was] acquitted of all charges.

In December 1990, Bachner received two letters from the IRS, one regardin[g his] tax liability for the 1984 tax year and the other for the 1985 tax year. The lette[rs,] with identical text, stated in their entirety:

> Based on the information you have provided, the account specified
> above is resolved. We may contact you in the future, if further
> issues arise requiring clarification. At present, no further response
> is needed on the above account.

App. at 60-61.

On September 11, 1992, the IRS issued to Bachner a notice of deficiency f[or the] 1984 and 1985 tax years. The notice asserted tax deficiencies of $4,096 for 1984 a[nd] $4,708 for 1985, and additions for fraud pursuant to I.R.C. § 6653(b) of $2,048 for [1984] and $2,354 plus 50 percent of the interest due on the unpaid deficiency of $3,161 f[or] 1985. The asserted deficiencies did not reflect the amounts withheld of $4,397 in [1984] and $1,547 in 1985.

5

Bachner petitioned the Tax Court for redetermination of the asserted deficiencies for both years. Bachner relied on the statute of limitations in § 650 the Internal Revenue Code, which limits assessment to "within 3 years after the ret filed." With respect to the 1984 tax year, he contended that the Form 1040 he had though irregular in format, provided information sufficient for the IRS to have com his tax liability for that year, and therefore it qualified as a "return" adequate trigger the running of the statute of limitations. Bachner conceded that he had f Form 1040 or 1040A for the 1985 tax year, but claimed that the Form W-2 submitted b employer equipped the IRS with data sufficient to determine his tax liability for 1 Therefore, the W-2 "filed on his behalf" served as a "return" within the meaning of § 6501(a) and marked the commencement of the three-year limitations period. Finally Bachner argued that even if the Forms 1040 and W-2 were not "returns" upon submissi IRS's subsequent communication in December 1990, declaring his accounts for 1984 an "resolved," constituted after-the-fact "acceptance" of the documents as valid tax r

Following a trial at which all the relevant facts were stipulated, the Ta sustained the Commissioner's determination of deficiencies with respect to both yea The court held that the statute of limitations was inapplicable and both years rema open to assessment since neither the unusual Form 1040 filed for 1984 nor the W-2 Bachner's employer submitted for 1985 qualified as a "return" that would commence t running of the statute of limitations under § 6501(a). The court further held that December 1990 letters neither purported to be, nor effectively constituted, waivers IRS's filing requirements.

6

In addition to deciding that there were deficiencies in income taxes due

tax years 1984 and 1985 in the amounts of $4,096 and $4,708 respectively, the Tax

imposed additions to tax for Bachner's negligent underpayment of taxes    for the t

years 1984 and 1985 under I.R.C. § 6653(a), and for Bachner's failure to file a ret

the tax year 1985 under I.R.C. § 6651(a)(1).

The Tax Court had jurisdiction under 26 U.S.C. §§6213(a) and 7442, and we

jurisdiction over Bachner's appeal pursuant to 26 U.S.C. § 7482(a)(1).

**II.**

Discussion

Decisions of the Tax Court are reviewed in the same manner as district co

decisions in non-jury civil actions. See Holof v. Commissioner, 872 F.2d 50, 52 (3d

1989); 26 U.S.C. § 7482(a)(1).  The issues on appeal involve only questions of stat

construction and application, and therefore we conduct de novo review.  See Armstro

World Indus., Inc. v. Commissioner, 974 F.2d 422, 430 (3d Cir. 1992).

**A.**

Tax Year 1984

This case turns on our interpretation of the three-year statute of limita

on assessment of taxes found in I.R.C. §6501(a) (1994).  That provision reads in fu

> Except as otherwise provided in this section, the amount of any tax
> imposed by this title shall be assessed within 3 years after the
> return was filed (whether or not such return was filed on or after the
> date prescribed) or, if the tax is payable by stamp, at any time after
> such tax became due and before the expiration of 3 years after the
> date on which any part of such tax was paid, and no proceeding in
> court without assessment for the collection of such tax shall be begun
> after the expiration of such period.

(emphasis added).

7

With respect to Bachner's 1984 tax year, the Tax Court sustained the Commissioner's deficiency determination, accepting the Commissioner's contention th[...] Bachner's Form 1040 was not a valid "return" and that therefore the 1984 year remai[...] open to assessment. On appeal, the Commissioner now concedes the validity of Bachn[...] Form 1040 as a tax return, and thus acknowledges that the three-year limitations pe[...] his 1984 tax year has expired. The Commissioner distinguishes Bachner's 1984 retur[...] that held inadequate in Beard v. Commissioner, 82 T.C. 766 (1984), aff'd, 793 F.2d [...] (6th Cir. 1986), on which the Tax Court relied, on the ground that the modificatio[...] Bachner's return were neither as extensive nor as obfuscatory as those made by Bear[...] Commissioner now only requests that we vacate the Tax Court's decision with respec[...] deficiency in and addition to tax for the 1984 tax year and remand for determinatio[...] whether, and to what extent, Bachner has made any overpayment of taxes for that yea[...]

Bachner agrees that the Tax Court decision should be vacated. However, h[...] contends that inasmuch as it is conceded that the Commissioner's assessment for 198[...] time-barred, he is now entitled to a refund of all taxes withheld from his 1984 sal[...] He argues that because there are no factual issues outstanding for resolution, this[...] should order a refund for that amount.

We reject the course Bachner proposes. First, the fact that the parties [...] that I.R.C. § 6501(a) bars the Commissioner from assessment with respect to the 198[...] year is not determinative of any refund claim filed by Bachner for that year. The [...] language in section 6501 refers only to "limitations on assessment and collection,"[...] the operative clause of section 6501(a) directs only that taxes "be assessed withi[...]

years after the return was filed."  I.R.C. § 6501 (1995).  A deficiency determinati

which the IRS seeks to establish the taxpayer's additional tax liability, is patent

different from a refund determination, by which the taxpayer seeks repayment or cre

from the IRS.

The mutual independence of deficiency determinations and refund determina

was established in Lewis v. Reynolds, 284 U.S. 281 (1932).  There, the taxpayer cla

inter alia, deductions for attorney's fees and inheritance taxes paid.  The Commiss

disallowed all deductions except that for attorney's fees, and assessed a deficienc

within the limitations period. The taxpayer paid the deficiency and then requested

refund. The Commissioner rejected the refund claim, and, although the statute of

limitations had run by then, asserted that even if the inheritance-tax deduction sh

have been allowed, the attorney-fee deduction had been improperly allowed and that

deficiency would be even greater than that originally asserted and paid. Id. at 282

The Supreme Court held that the Commissioner's authority to reaudit a ret

whenever repayment is claimed is necessarily implied.  The Court also stated:

> An overpayment must appear before refund is authorized.  Although the
> statute of limitations may have barred the assessment and collection
> of any additional sum, it does not obliterate the right of the United
> States to retain payments already received when they do not exceed the
> amount which might have been properly assessed and demanded.

Id. at 283.

In Lewis, there was the complication, never expressly mentioned, that the

Commissioner's assertion of an alternative ground for his earlier assessment was ma

after the statute of limitations had run.  In contrast, the Commissioner here merel

collected and thereafter retained the tax funds withheld from Bachner's 1984 salary

Absent a determination of overpayment, the Commissioner's concession of a time-bar

unaffected the question of a requested refund.

Second, the Internal Revenue Code makes clear that a Tax Court determinat

overpayment is a prerequisite to any award of the amount of such overpayment where

notice of deficiency has been issued and redetermination sought in the Tax Court.

§ 7459(e) (1994) provides:
> If the assessment or collection of any tax is barred by any statute of
> limitations, the decision of the Tax Court to that effect shall be
> considered as its decision that there is no deficiency in respect of
> such tax.

I.R.C. § 6512(b)(1) (1994), in turn, describes the required jurisdictional path aft

finding of no deficiency:
> [I]f the Tax Court finds that there is no deficiency and further finds
> that the taxpayer has made an overpayment of income tax for the same
> taxable year, . . . the Tax Court shall have jurisdiction to determine
> the amount of such overpayment, and such amount shall, when the
> decision of the Tax Court has become final, be credited or refunded to
> the taxpayer.

Finally, I.R.C. § 6512(a) (1994) makes clear the exclusivity of the Tax Court's aut

to determine the fact and amount of overpayment under these circumstances:
> If the Secretary has mailed to the taxpayer a notice of deficiency
> under section 6212(a) . . . and if the taxpayer files a petition with
> the Tax Court within the time prescribed in section 6213(a) . . . <u>no
> credit or refund of income tax for the same taxable year</u> . . . <u>shall
> be allowed or made</u> and no suit by the taxpayer for the recovery of any
> part of the tax shall be instituted <u>in any court except</u>--
> (1) <u>As to overpayments determined by a
> decision of the Tax Court which has
> become final</u> . . . .

It follows that the Tax Court must first make a determination of any outstanding overpayment.

Bachner argues that in contrast to "voluntary payments" of tax, which may refundable without a preliminary determination of overpayment, his 1984 wage withho represent an involuntary "deposit," since he remitted funds disputing, rather than acknowledging, his tax liability. He contends that such a d becomes an "overpayment" -- and thus immediately refundable -- upon untimely assess alone, and that such a refund should be ordered by this court without remand to the Court.

There is ample basis to find unpersuasive Bachner's view of wage withhol "deposits," refundable merely upon late assessment. See Ehle v. United States, 720 1096, 1097 (9th Cir. 1983) (interpreting I.R.C. § 6513(b)(1), which treats a taxpay withholdings as "paid by him on the 15th day of the fourth month following the clos his taxable year," as precluding their treatment as deposits) (emphasis added); Bin United States, 590 F.2d 68, 70-71 (3d Cir. 1978) (rejecting taxpayer's characteriza withholdings as deposits where sums remitted to IRS without accompanying indication they not be treated as advance tax payments).

In any event, we are neither free nor disposed to overlook the plain stat command of I.R.C. § 6512(a) that where a taxpayer has received a notice of deficien timely filed a petition in the Tax Court, it is the Tax Court that must determine t of overpayment and the amount. The two cases on which Bachner relies, Rosenman v. States, 323 U.S. 658 (1945), and Cohen v. United States, 995 F.2d 205 (Fed. Cir. 19 holding that a "deposit" is to be refunded upon untimely assessment, are inapposite

because they did not involve refund claims for tax years already brought before the

Court for deficiency redeterminations. Therefore, I.R.C. § 6512 was inapplicable t

The questions of overpayment and refund as to Bachner have not been adjud

by the Tax Court. Having decided that those questions are independent of the defic

issue, we obviously must leave for the Tax Court the determination, in the first in

of the existence and extent of any overpayment by Bachner for the 1984 tax year. T

especially so given Bachner's failure to raise any issues regarding the computation

1984 liabilities or the precise extent of any overpayment. See Huli v. Internal Rev

Service, 872 F.2d 22, 24 (2d Cir. 1989) (remand appropriate where issues neither br

nor adjudicated below); Roth Steel Tube Co. v. Commissioner, 800 F.2d 625, 632 (6th

1986) (issues not raised before Tax Court inappropriate for appellate review), cert

denied, 481 U.S. 1014 (1987). It follows that a remand to the Tax Court with respe

the 1984 tax year is in order.

**B.**

<u>Tax Year 1985</u>

The statute of limitations issue as to Bachner's 1985 tax year is differe

that he presented as to the 1984 tax year. The three-year limitations period in I.

6501 begins to run only "after the return was filed." The Commissioner invokes I.F

6501(c)(3) to support his assertion that Bachner's failure to file a return preclud

operation of the statute of limitations and yields an unlimited period for assessme

That section provides:

> In the case of failure to file a return, the tax may be assessed, or a
> proceeding in court for the collection of such tax may be begun
> without assessment, at any time.

I.R.C. § 6501(c)(3) (1994).

Bachner concedes that he filed no Form 1040 or 1040A for the 1985 tax yea

argues nonetheless that the assessment is barred because the W-2 filed by his emplo

that year constituted a "return" for § 6501(a) purposes.  In support of equating th

with a § 6501(a) "return," Bachner makes two contentions:  (1) that the W-2 correct

reported all of the data required sufficient to compute the tax due, and (2) that t

"accepted" the W-2 as a valid return in its December 1990 letter declaring his acc

"resolved."

Underlying our analysis of Bachner's W-2 contention is the generally appl

principle enunciated by the Supreme Court that, in applying limitations provisions,

"[s]tatutes of limitation sought to be applied to bar rights of the Government

. . . must receive a strict construction in favor of the Government."  <u>Badaracco v.</u>

<u>Commissioner</u>, 464 U.S. 386, 391 (1984) (quoting <u>E.I. du Pont de Nemours & Co. v. Da</u>

264 U.S. 456, 462 (1924)).

There are multiple bases on which to conclude that the Form W-2 submitte

Bachner's employer cannot qualify as a return adequate to trigger the limitations p

on assessment. The statutory requirements are clear.  Each taxpayer must comply wit

Treasury regulations governing the proper filing of returns.

> <u>Every person</u> liable for any tax imposed by this title, or for the
> collection thereof, <u>shall</u> keep such records, render such statements,
> <u>make such returns</u>, <u>and comply with such rules and regulations as the</u>
> <u>Secretary may from time to time prescribe</u>.

I.R.C. § 6001 (1994) (emphasis added).

This encompasses making a return in accordance with the format prescribed

Secretary:

> When required by regulations prescribed by the Secretary <u>any person</u>
> made liable for any tax imposed by this title, or with respect to the
> collection thereof, <u>shall make a return</u> or statement <u>according to the</u>
> <u>forms and regulations prescribed by the Secretary.</u> Every person
> required to make a return or statement shall <u>include therein the</u>
> <u>information required by such forms</u> or regulations.

I.R.C. § 6011(a) (1994) (emphasis added).

The Treasury regulations, in turn, expressly require taxpayers to file fe

income tax returns on Forms 1040 or 1040A only, and nowhere make accommodation for

W-2 as valid surrogates.  <u>See</u> Treas. Reg. § 1.6012-1(a)(6).

The Supreme Court repeatedly has declared that tax returns must comply st

with prescribed requirements in order to trigger applicable limitations periods. <u>Se</u>

<u>e.g.</u>, <u>Lucas v. Pilliod Lumber Co.</u>, 281 U.S. 245, 249 (1930); <u>Florsheim Bros. Drygoo</u>

<u>v. United States</u>, 280 U.S. 453, 459-60 (1930); <u>Commissioner v. Lane-Wells Co.</u>, 321

219, 222-24 (1944). More specifically, the Court has held that inclusion of the tax

signature is a prerequisite to the validity of the tax return for purposes of the s

of limitations.  <u>See</u> <u>Badaracco</u>, 464 U.S. at 396-97; <u>Zellerbach Paper Co. v. Helveri</u>

U.S. 172, 180 (1934).  In <u>Doll v. Commissioner</u>, 358 F.2d 713 (3d Cir. 1966) (per cu

this court held that the absence of the taxpayer's signature on the taxpayer's retu

enough to render the return invalid and, as a result, to preclude the operation of

6501(a) limitations period on assessment.  <u>Id.</u> at 714.  Of course, the Form W-2 sub

by Bachner's employer bore no signature, and further represented a complete departu

the uniform format prescribed in the Treasury regulations.  Bachner frankly admits

his employer's submission of a W-2 is inadequate, stating: "Obviously, a W-2 does n[ot]

a signature which ordinarily is required to be a return for purposes of the statute[ of]

limitations."  Brief of Appellant at 15.  He suggests, however, that because the Fo[rm]

correctly reported sufficient information to permit computation of his tax liabilit[y for]

1985, it must be construed as satisfying §6501(a)'s "return" requirement.  He cites [the]

Supreme Court's opinion in Germantown Trust Co. v. Commissioner, 309 U.S. 304, 310 [(1940)]

for the proposition that the functional adequacy of the information provided, rathe[r than]

compliance with formal requirements, is the determinative feature of a valid retur[n.]

Even were we to assume that that ambitious interpretation were valid, the [W-2]

information is not independently sufficient for tax-computation purposes and Bachne[r fails]

to forward any supporting argument to suggest otherwise. The W-2 submitted, of cour[se,]

included only the amount of Bachner's "Wages, tips, other compensation" for 1985, w[ithout]

mention of any other potential sources, types, or amounts of income.  Reporting onl[y one]

item of income cannot be equated with affirmatively declaring zero amounts for all [others,]

especially given the IRS's inevitable dependence on after-the-fact audit for effect[ive]

enforcement.  See Di Stephano v. District Director, No. 89-00674 DAE, 1990 WL 74479[, ]

(D. Haw. Apr. 16, 1990) (determining that Form W-2 claimed as tax return contained [some]

critical tax information but, in absence of Form 1040, not sufficient information t[o]

compute liability), aff'd, 933 F.2d 1013 (9th Cir. 1991) (unpublished disposition); [see also]

Zellerbach Paper, 293 U.S. at 182.  Whether or not in retrospect the amount specifi[ed on]

the W-2 actually coincided with Bachner's total income for 1985, the W-2 form faile[d to]

provide facts addressed to or determinative of other potential liabilities and ther[efore]

was not sufficient to be considered a "return."  See Lane-Wells, 321 U.S. at 223[.]

(corporation's income-tax return inadequate for statute-of-limitations purposes, al

it disclosed all ultimately determinative income information, for failing to "show

facts on which liability would be predicated" for a potentially applicable holding-

tax).

Bachner's reference to the historical fact that the Internal Revenue Serv

one time considered a W-2 an income tax return is irrelevant since, as he concedes,

regulation, TR § 601.2 (1946), was superseded by TR § 29.51-2(c)(1) (1948), which,

its modern-day counterpart in TR § 1.6012-1(a)(6), limited taxpayers to use of Form

or 1040A in filing valid returns, absent special and specifically designated

circumstances. If anything, the evolution of the Treasury's regulatory return

requirements demonstrates its affirmative judgment that Forms W-2 are inadequate fo

return-filing purposes.

Finally, we cannot find a single federal court decision to have addressed

competence of Forms W-2 as tax returns without also rejecting the same. See Kartru

Commissioner, 925 F.2d 1379, 1384 (11th Cir. 1991) (W-2 not a return for addition-t

purposes); United States v. Birkenstock, 823 F.2d 1026, 1030 (7th Cir. 1987) (W-2 n

return for criminal failure-to-file purposes); United States v. Stillhammer, 706 F.

1072, 1075 (10th Cir. 1983) (W-2 not return for criminal tax evasion purposes); Uni

States v. Rickman, 638 F.2d 182 (10th Cir. 1980) (conviction for failure to file re

upheld where taxpayer submitted W-2 but no properly completed 1040); Di Stephano, 1

74479, at *2 (W-2 contains critical tax information, but not sufficient information

compute liability in absence of Form 1040); Reiff v. Commissioner, 77 T.C. 1169 (19

(32-page submission containing W-2 and modified 1040 not valid return).

Nor do we find persuasive Bachner's alternative argument that even if his

employer's submission of the Form W-2 does not alone satisfy the § 6501(a) "return"

requirement, then the IRS's subsequent notification that Bachner's account was "res

constituted after-the-fact "acceptance" of the Form as a valid return.

The statutory provisions requiring not only the raw submission of returns

also "compl[iance] with such rules and regulations as the Secretary may from time t

prescribe," I.R.C. § 6001 (1994), and their submission "according to the forms and

regulations prescribed by the Secretary," I.R.C. § 6011 (1994), directly incorporat

Secretary's regulatory requirements as the defining statutory standard. Any attemp

waiver by agents with only delegated authority would be ineffective.

Even were the relevant return-filing requirements to arise purely from th

authority of the Secretary to promulgate rules pursuant to a statutory grant, the

requirements for filing a return set forth in TR § 1.6012-1(a)(6) have the force of

See Boulez v. Commissioner, 810 F.2d 209, 213-16 (D.C. Cir.) (Treasury regulation

requiring written compromise agreements rendered oral agreement between IRS distric

director and taxpayer unauthorized and invalid), cert. denied, 484 U.S. 896 (1987).

mandatory requirements of TR § 1.6012-1(a)(6) are not susceptible to ad hoc resciss

See United States v. Correll, 389 U.S. 299, 305-06 (1967) (citing "the settled prin

that 'Treasury regulations and interpretations long continued without substantial c

applying to unamended or substantially reenacted statutes, are deemed to have recei

congressional approval and have the effect of law.'" (quoting Helvering v. Winmill,

U.S. 79, 83 (1938)).

Finally, regardless of whether the Commissioner was <u>capable</u> of waiving th

formal requirements governing return-filing, Bachner has not established that the D

1990 correspondence might soundly be construed as having waived those requirements.

the extent that Bachner may be arguing that the ambiguous December 1990 letter from

IRS[1] constitutes a basis to bind the government via equitable estoppel, we reject t

contention.  <u>See</u> <u>United States v. Pepperman</u>, 976 F.2d 123, 131 (3d Cir. 1992) (esto

a result of a government agent's misrepresentations only in "rare and extreme

circumstances," where the "'interest of citizens in some minimum standard of decenc

honor, and reliability in their dealings with their Government'" is imperiled) (quo

<u>Heckler v. Community Health Servs.</u>, 467 U.S. 51, 61 (1984)).  Estoppel claims have

traditionally been put to especial rigor in the taxation context. <u>See</u>, <u>e.g.</u>, <u>Automo</u>

<u>Club of Michigan v. Commissioner</u>, 353 U.S. 180, 187 (1957) ("[T]he express conditio

prescribed by the Congress was that the statute was to run against the United State

the date of the actual filing of the return, and no action of the Commissioner can

or modify the conditions under which the United States consents to the running of t

statute of limitations against it."); <u>Pilliod Lumber</u>, 281 U.S. at 249 ("Under the

---

[1] That letter stated:  "Based on the information you have provided, the account spe

above is resolved.  We may contact you in the future, if further issues arise requi

clarification.  At present, no further response is needed on the above account." A

61.

established general rule a statute of limitations runs against the United States on

they assent and upon the conditions prescribed.  Here assent that the statute might

to run was conditioned upon the presentation of a return duly sworn to.  No officer

power to substitute something else for the thing specified.").

The December 1990 letter fails to provide any basis for a finding of esto

See United States v. Asmar, 827 F.2d 907 (3d Cir. 1987) (employing four-prong analy

First, there was no misrepresentation.  The admittedly vague statement, "the accoun

specified above is resolved," is qualified by the explicit reservation of the possi

that "further issues" could arise, and the letter's conclusion with the carefully l

statement that no further response is required "at present."  Given that "the burde

proof is on the party claiming estoppel," Asmar, 827 F.2d at 912, Bachner's estoppe

attempt fails at the first step.

Second, Bachner has demonstrated no detrimental reliance on the December

Bachner has repeatedly emphasized his ideological objections to the collection of a

income taxes.  Absent any allegation to the contrary, it remains likely that those

convictions originally expressed in 1984 and 1985, and not any claimed reaction to

letter received long after, were the operative catalyst in his refusal to submit an

to expand on the Form W-2.  Furthermore, Bachner received the letter more than one

after the expiration of any limitations period that would have run upon the filing

valid return for the 1985 tax year.  There is no basis to assume Bachner would have

submitted voluntarily a conventional return in 1990, when he had already refused to

while still under threat of assessment.

Finally, Bachner has shown no affirmative misconduct on the part of the government, but at most negligence or mistake of law, neither of which furnishes pr grounds for estoppel. <u>See</u> <u>Pepperman</u>, 976 F.2d at 131 (negligence); <u>Becker v. Commissioner</u>, 751 F.2d 146, 150 (3d Cir. 1984) (mistake of law). Most telling and dispositive is that the December 1990 letter never states that the employer's submi of a W-2 form is accepted as a "return" for the tax year 1985.

In light of the clarity of the relevant statutory and regulatory requirem the general principle that limitations provisions are construed narrowly against th government, and Bachner's failure to provide any persuasive reason otherwise, we conclude that the Form W-2 submitted by Bachner's employer is not a "return" wit meaning of I.R.C. § 6501(a) and, therefore, that the Commissioner's assessment of deficiencies for Bachner's 1985 tax year is not barred.

**III.**

<u>Conclusion</u>

For the foregoing reasons, we will reverse the Tax Court's decision with to the 1984 tax year and remand for further proceedings not inconsistent with this opinion. With respect to the 1985 tax year, we will affirm the decision of the

Tax Court.  Each party to bear its own costs.

_____