Chen v. Chan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>AMENDED SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

YONG KUI CHEN, on behalf of themselves and others similarly situated, GUO REN HUANG, JIAN HUI LIN,

> *Plaintiffs-Appellees*,

HAO CHEN, on behalf of themselves and others similarly situated, YOU HUANG ZHU, on behalf of themselves and others similarly situated, ZU GUANG ZHU, on behalf of themselves and others similarly situated, SHUI BING ZHU, GUO REN HUANG,

> *Plaintiffs-Counter-*
> *Defendants-Appellees*,

> v.                                                                                       No. 12-1845

WAI YIN CHAN,

> *Defendant-Counter-*
> *Claimant-Appellant*,

WAI ? CAFE INC.,

*Defendant-Counter-
Claimant.*

_____

**FOR PLAINTIFF-APPELLEES:**  Yong Kui Chen, *pro se,* New York, NY; Guo Ren Huang, *pro se*, New York, NY; Jian Hui Lin, *pro se*, New York, NY.

**FOR PLAINTIFFS-COUNTER-
DEFENDANTS-APPELLEES:**  Hao Chen, *pro se*, Brooklyn, NY; You Huang Zhu, *pro se*, Yonkers, NY; Zu Guang Zhu, *pro se*, New York, NY; Shui Bing Zhu, *pro se*, New York, NY; Guo Ren Huang, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLANT:**  BRIAN D. NETTER (Matthew A. Waring, *on the brief*), Mayer Brown LLP, Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (James C. Francis, IV, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Appellant Wai Yin Chan appeals from a judgment of the district court awarding damages to the plaintiffs on their claims under the New York Labor Law ("NYLL"). Chan asserts that the district court erred by (1) excluding evidence of a purported settlement agreement between Chan and the plaintiffs at trial; (2) relying on the federal minimum wage instead of the lower corresponding New York wage in calculating damages for certain periods of the plaintiffs' employment; (3) failing to incorporate a tip allowance or meal allowance against the general minimum wage in calculating the plaintiffs' damages; and (4) failing to offset Chan's liability by payments of $2,000 to each of four plaintiffs who conceded that such payments had been made.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, we address the scope of our jurisdiction over this appeal. Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires an appellant to "designate the judgment, order, or part thereof being appealed" in his notice of appeal. Fed. R. App. P. 3(c)(1)(B). Our jurisdiction over the subsequent proceedings is "limited by the wording of the notice." New Phone Co. v. City of N.Y., 498 F.3d 127, 130 (2d Cir. 2007). Nevertheless, we have long held that "a notice of appeal filed by a *pro se* litigant must be viewed liberally." Grune v. Coughlin, 913 F.2d 41, 43 (2d Cir. 1990). "As long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction." Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (internal quotation marks omitted); see also Phelps v. Kapnolas, 123 F.3d 91, 93 (2d Cir. 1997) (construing *pro se* notice of appeal of final disposition to create jurisdiction over earlier orders). While Chan's notice of appeal specifies that he appeals from "the Judgment of a damages calculation" entered against him, Docket No. 1 at 1, we construe his notice liberally as an appeal from the final judgment that confers jurisdiction over Chan's challenges to the district court's evidentiary rulings at trial that are subsumed in that judgment.

As to the merits of those arguments, Chan claims that the district court violated his due process rights by excluding documentary evidence and testimony regarding a purported settlement agreement between Chan and the plaintiffs. Specifically, Chan argues that the district court erred by excluding the evidence as a discovery sanction, based solely on a representation by the plaintiffs' counsel that Chan's former lawyer never produced a copy of the agreement during

3

discovery, without providing Chan an opportunity to contact his former attorney to verify that representation. Had Chan been permitted such an opportunity, he argues, he would have been able to establish that his former attorney included a copy of the settlement agreement as part of his Rule 26(a)(1) Initial Disclosures.

Although "district courts generally have wide discretion in deciding when sanctions are appropriate . . . , the manner in which sanctions are imposed must comport with due process requirements." Sanko S.S. Co. v. Galin, 835 F.2d 51, 53 (2d Cir. 1987). At a minimum, this means "that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an opportunity to present evidence or arguments against their imposition." Satcorp Int'l Grp. v. China Nat'l Silk Imp. & Exp. Corp., 101 F.3d 3, 6 (2d Cir. 1996) (internal quotation marks omitted); see also Reilly v. Natwest Mkts. Grp. Inc., 181 F.3d 253, 270 (2d Cir. 1999) (requiring notice and opportunity to argue against imposition of sanctions for failure to produce documents during discovery). In this case, even though Chan had been left to proceed *pro se* on the eve of trial, insisted that he had provided a copy of the agreement to his former attorney, and requested an opportunity to call his attorney to check whether the documents had been produced, the district court refused to pause the proceedings to accommodate Chan's request. It thus prevented him from obtaining potentially compelling evidence to refute the plaintiffs' representations. In such circumstances, and taking particular heed of Chan's unexpected *pro se* status, the district court's refusal to allow Chan to contact his former attorney denied Chan a meaningful opportunity to defend himself against the imposition of discovery sanctions. Accordingly, the case must be remanded with instructions for the district court to conduct a further inquiry into whether Chan produced the contested evidence, as part of his Rule 26(a)(1)

4

disclosures or otherwise.   Should the district court determine that the document was never produced, the original judgment, corrected as set forth below, will be reinstated.   Should the court determine that Chan in fact provided the settlement agreement to the plaintiffs' counsel, however, the erroneous exclusion of evidence of that agreement from the proceedings below entitles Chan to a new trial.[1]

In addition to his evidentiary challenge, Chan raises numerous objections to the district court's calculation of the plaintiffs' damages.   If the district court determines that Chan is entitled to a new trial, these challenges may of course become moot.   Because the district court's initial judgment might yet be reinstated, however, and because our discussion may provide useful guidance for a new damages calculation following a second trial, we briefly review his objections. As a general matter, we review a district court's computation of compensatory damages for clear error.   Jimico Enters., Inc. v. Lehigh Gas Corp., 708 F.3d 106, 110 (2d Cir. 2013).   To the extent that Chan's objections raise pure questions of law, including the "measure of damages upon which the factual computation is based," we review those claims *de novo*.   Delchi Carrier SpA v. Rotorex Corp., 71 F.3d 1024, 1029 (2d Cir. 1995) (internal quotation marks omitted).

---

[1] The district court alternately found that Chan's proffered copy of the settlement agreement was inadmissible because it was unsigned.   However, the mere fact that an agreement is unsigned does not make it *per se* inadmissible.   Such a document may be authenticated by other means, see, e.g., United States v. Tin Yat Chin, 371 F.3d 31, 37-38 (2d Cir. 2004) (observing that Fed. R. Evid. 901 only requires "sufficient proof . . . so that a reasonable juror could find in favor of authenticity or identification," which is not "a particularly high hurdle") (internal quotation marks omitted), and may be relevant to demonstrate the existence of an agreement between the parties, see 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 124 (2d Cir. 2011) (recognizing that under New York law "[a]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound") (internal quotation marks omitted). If the district court grants Chan a new trial, he should have the opportunity to demonstrate the document's admissibility.

First, Chan argues that the district court erred by calculating damages for the plaintiffs' periods of employment after June 24, 2009 based on the federal minimum wage of $7.25, rather than New York's prevailing minimum wage of $7.15. Because New York's minimum wage rate, like the federal rate, increased to $7.25 on July 24, 2009, see id. § 137-1.2(e); N.Y. Lab. Law § 652(1) (providing minimum wage of $7.15 for periods on and after January 1, 2007, "or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206"), the district court did not err by using the higher amount.

Second, Chan argues that the magistrate judge's damages calculation was erroneous because it relied simply on the minimum wage rate, without giving him a "tip allowance" by crediting the plaintiffs' tips against the required minimum wage, see N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.5 (July 24, 2009) (repealed eff. Jan. 1, 2011), or a "meal allowance" for meals provided to the plaintiffs by his restaurant, see id. § 137-1.9(a). Chan argues that, unlike the federal Fair Labor Standards Act, at the time of the events of this lawsuit the NYLL imposed no notice requirements before letting an employer take advantage of either allowance. In fact, numerous courts in this Circuit have held that New York State regulations during this time imposed notice requirements on employers intending to claim a tip allowance.[2] Yet the point is

---

[2] See, e.g., Hicks v. T.L. Cannon Corp., 35 F. Supp. 3d 329, 340-41 (W.D.N.Y. 2014), reconsideration denied, No. 13-CV-06455, 2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014); He v. Home on 8th Corp., No. 09 Civ. 5630, 2014 WL 3974670, at *1 (S.D.N.Y. Aug. 13, 2014); Cuzco v. F & J Steaks 37th St. LLC, No. 13-CV-1859, 2014 WL 2210615, at *2 (S.D.N.Y. May 28, 2014); Hernandez v. Punto y Coma Corp., No. 10-CV-3149, 2013 WL 4875074, at *4 (E.D.N.Y. Sept. 11, 2013); Mendez v. Pizza on Stone, LLC, No. 11 Civ. 6316, 2012 WL 3133547, at *4 (S.D.N.Y. Aug. 1, 2012); Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 290 (S.D.N.Y. 2011); Lanzetta v. Florio's Enters., Inc., 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011), on reconsideration, No. 08 Civ. 6181, 2011 WL 3209521 (S.D.N.Y. July 27, 2011); Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., No. 08 Civ. 3725, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010); Padilla v. Manlapaz, 643 F. Supp. 2d 302, 313 (E.D.N.Y. 2009).

not free from doubt.    Other courts have held that, prior to a series of amendments in 2011, New York's regulations required no such notice as a prerequisite to claiming a tip allowance.    See Jin v. Pac. Buffet House, Inc., No. CV-06-579, 2009 WL 2601995, at *4 (E.D.N.Y. Aug. 24, 2009); Yan v. 520 Asian Rest. Corp., No. 13-CV-2417, 2014 WL 7177259, at *10 (S.D.N.Y. Dec. 17, 2014).

Because Chan, proceeding *pro se* below, did not claim either a tip or a meal allowance before the district court, the district court never had a chance to consider his compliance with the procedural prerequisites for claiming those credits under the New York State regulations.    Nor did the district court make the factual findings necessary to resolve the question of Chan's eligibility for those credits, even assuming that Chan is correct that he is not barred from claiming them by any procedural requirements.    Under these circumstances, we consider it prudent to allow the district court to consider Chan's argument in the first instance on remand.    See Huli v. I.R.S., 872 F.2d 22, 24 (2d Cir. 1989); cf. Tocker v. Philip Morris Cos., 470 F.3d 481, 490 (2d Cir. 2006).    If the issue remains contested below, the district court will have occasion both to address the merits of Chan's interpretation of the New York State regulations and to make any appropriate factual findings.    See United States v. Adeniji, 31 F.3d 58, 65 (2d Cir. 1994).

Finally, Chan argues that the district court should have offset its damages calculation by $8,000 because plaintiffs Zu Guang Zhu, Shui Bing Zhu, You Huang Zhu, and Guo Ren Huang admitted that they each received a payment of $2,000 from Chan.    The record confirms that the plaintiffs' counsel admitted those payments during a sidebar and agreed that they should be deducted from Chan's ultimate liability.    In light of this stipulation, the district court's failure to credit those payments in the damages calculation was error.

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for determinations as to whether the district court properly excluded Chan's proposed evidence of a settlement agreement from trial, and as to whether Chan was entitled to a tip or meal allowance under the NYLL.   Based on the results of district court's determinations, Chan may be entitled either to a new trial or to a recalculation of damages for all plaintiffs.   In any event, if the district court determines that neither form of relief is warranted, the district court is directed to recalculate damages for plaintiffs Zu Guang Zhu, Shui Bing Zhu, You Huang Zhu, and Guo Ren Huang.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8