tends that any attempt to "take" the right of first refusal is forbidden because such a taking would serve no public purpose.

 Amtrak's Declaration of Taking extinguished Faber's right of first refusal. All of the tenant's contractual rights terminate as a matter of law when a taking occurs. Restatement (Second) of Property § 8.1(1) (1977) ("If there is a taking by eminent domain of all of the lease term, the lease is terminated"). Faber explicitly agreed to this eventuality by signing a contract in which it was stated that the lease would "cease and terminate" upon condemnation.

Faber's argument that there can be no taking of the right of first refusal likewise is misguided. There was no taking of the contractual right. Instead Amtrak took the underlying property. Faber does not dispute that there was a public purpose for the taking of the property. When the property was taken, the lease operated so as to terminate all contractual obligations between the parties, including the right of first refusal. Faber cannot complain about the scope of the taking; it is the scope of Section 11 of the contract which precludes relief.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

David C. Thomas, Legal Services Center, Chicago, Ill., for petitioner-appellant.

Arleen C. Anderson, Terence M. Madsen, Asst. Attys. Gen., Office of Atty. Gen., Chicago, Ill., for respondents-appellees.

Before POSNER, FLAUM, and EASTERBROOK, Circuit Judges.

**Marc Anthony BELL, Petitioner–Appellant,**

v.

**Larry MIZELL and Roland W. Burris, Respondents–Appellees.**

No. 90–3098.

United States Court of Appeals, Seventh Circuit.

Submitted March 15, 1991.

Decided May 3, 1991.

PER CURIAM.

The notice of appeal was filed 43 days after judgment had been entered, the appellant's court-appointed counsel having erroneously believed that the 30–day period for appealing the denial of a petition for habeas corpus ran from the issuance of the certificate of probable cause for appeal, which the district judge issued to permit the petitioner to appeal. 28 U.S.C. § 2253; Fed.R.App.P. 4(a)(1). The 30–day period having run, it was too late for the district judge to extend the time for appealing. Fed.R.App.P. 4(a)(5).

Nevertheless, the appeal is timely. The reason is that the application for the certifi-

cate of probable cause, which the petitioner filed in the district court, just as a formal notice of appeal would have been filed, within 30 days of the judgment, happens to have contained all the information that Fed.R.App.P. 3(c) requires a notice of appeal to contain. The application for a certificate of probable cause should therefore be treated *as* the notice of appeal. *McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir.1987), so holds, and while the petitioner in that case had no lawyer we do not think this makes a difference. The rules do not prescribe a particular form for a notice of appeal or require that it bear the legend "notice of appeal." The contents are rigorously prescribed, *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), but the prescription is satisfied by the information in the application for a certificate of probable cause. We do not condone the failure of Bell's attorney to file a formal notice of appeal in timely fashion—and trust there will be no repetition of the oversight by members of the bar of this court—but it does not deprive Bell of his appellate rights.

**Edward SOLDAL and Mary Soldal, individually and as legal guardians for Jimmy Soldal, Alena Soldal, Joseph Soldal, and Jessie Soldal, Plaintiffs–Appellants,**

v.

**COUNTY OF COOK, et al., Defendants–Appellees.**

**No. 89–3631.**

United States Court of Appeals, Seventh Circuit.

May 3, 1991.

Before BAUER, Chief Judge, and CUMMINGS, WOOD, Jr., CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION and KANNE, Circuit Judges.

### ORDER

The petition for rehearing with suggestion for rehearing en banc in the above-entitled cause is GRANTED, the panel decision is VACATED, 923 F.2d 1241, and the appeal is restored to the calendar for oral reargument before the full court at a date and time to be announced.

**NATIONAL BY–PRODUCTS, INC., Petitioner/Cross–Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent/Cross–Petitioner.**

**Nos. 89–2326, 89–2475.**

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1990.

Decided May 7, 1991.

