Domingo MARMOLEJO,
Plaintiff–Appellant,

v.

UNITED STATES OF AMERICA,
Defendant–Appellee.

No. 98–2545.

United States Court of Appeals,
Second Circuit.

Submitted: Sept. 8, 1999.

Decided: Sept. 10, 1999.

Domingo Marmolejo, Loretto, PA, plaintiff-appellant pro se.

Christopher Paul Tuite, Assistant United States Attorney, Rochester, N.Y. (Denise E. O'Donnell, United States Attorney, Western District of New York), for defendant-appellee.

Before: FEINBERG, CALABRESI and SOTOMAYOR, Circuit Judges.

## 378

PER CURIAM.

Plaintiff-appellant Domingo Marmolejo moves for a certificate of appealability allowing him to challenge an order of the United States District Court for the Western District of New York (Arcara, J.) denying his motion to vacate his sentence and conviction. The motion for a certificate of appealability in that action was filed with a notice of appeal in a separate forfeiture case. We hold that the motion for a certificate of appealability should be construed as a notice of appeal from the order denying the motion to vacate the sentence and conviction.

### BACKGROUND

In April 1997, Marmolejo filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. That same month, he initiated another action, filed under a separate docket number, challenging a property forfeiture. *See Marmolejo v. United States,* No. 97–cv–0275. In March 1998, the district court denied the § 2255 motion and dismissed both cases.

Marmolejo simultaneously filed (1) a motion for a certificate of appealability citing the docket number of the § 2255 proceeding and (2) a notice of appeal for the separate forfeiture action. The district court attached the motion for a certificate of appealability to the notice of appeal and submitted both to this Court with the record from the forfeiture action only. The certificate of appealability motion thus has not been separately docketed and has not been presented to this Court as part of the § 2255 proceedings.

### DISCUSSION

■ Ordinarily, an appellate court has no jurisdiction over an appeal from the denial of a § 2255 petition unless the petitioner files a timely notice of appeal and secures a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed.R.App.P. 3, 4. This Circuit has, however, permitted notices of appeal to serve as motions for certificates of appealability. *See, e.g., Hooper v. United States,* 112 F.3d 83, 88 (2d Cir.1997). In addition, other Circuits have held that a motion for a certificate of probable cause can serve "double duty" as a misfiled notice of appeal. *See Ortberg v. Moody,* 961 F.2d 135, 137 (9th Cir.1992); *Knox v. Wyoming,* 959 F.2d 866, 867–68 & n. 1 (10th Cir.1992); *Bell v. Mizell,* 931 F.2d 444, 444–45 (7th Cir.1991). We now similarly conclude that a motion for a certificate of appealability should be construed as a notice of appeal.

■ In general, this Court construes the papers of *pro se* litigants liberally. *See, e.g., Tapia–Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir.1999) (construing an ambiguous motion to withdraw in favor of the *pro se* litigant). "As long as the *pro se* party's notice of appeal evinces an intent to appeal an order or judgment of the district court and appellee has not been prejudiced or misled by the notice, the notice's technical deficiencies will not bar appellate jurisdiction." *Grune v. Coughlin,* 913 F.2d 41, 43 (2d Cir.1990). Marmolejo's intent to appeal the denial of his § 2255 motion is evident from his motion for a certificate of appealability. The motion further contains all of the information required for a notice of appeal under Fed.R.App.P. 3(c), and there is no indication that appellee has been misled or prejudiced.

### CONCLUSION

We hold that the motion for a certificate of appealability should be construed as a notice of appeal. We therefore direct the district court to file the motion under the docket number for the § 2255 proceeding, 97–cv–0240A, and to transmit the notice of appeal and the record on appeal for that proceeding to this Court.