**YUN LIN ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General & Immigration and Naturalization Service, Respondents.**

No. 04–2867–ag.

United States Court of Appeals, Second Circuit.

Feb. 23, 2007.

Yun Lin Zheng, pro se, Brooklyn, NY, for Respondent.

Michael J. Garcia, United States Attorney for the Southern District of New York, Peter M. Skinner, Ramon E. Reyes, Jr., Assistant United States Attorneys, of counsel, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Yun Lin Zheng, pro se, petitions for review of the BIA's denial of her motion to reconsider her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

A petition for review of a final order of removal and a petition for review of the denial of a motion to reopen or reconsider involve "two separate petitions filed to review two separate final orders." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001). In addition the statutory time limit for filing a petition for review is a "strict jurisdictional prerequisite." *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001). Here, Zheng did not petition for review from the BIA's denial of her appeal or its denial of her first motion to reopen. Therefore, we lack jurisdiction to review those decisions, and only review the BIA's April 2004 denial of Zheng's motion for reconsideration and second motion to reopen.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao*, 265 F.3d at 93.

Inasmuch as the BIA considered Zheng's motion to be a motion to reconsider, it did not abuse its discretion in denying the motion because Zheng simply reiterated her asylum claim and contested the BIA's denial of her November 2003 motion to reopen in a one sentence conclusory manner. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority."). In addition, the BIA did not abuse its discretion in denying the motion as her second motion to reopen because an asylum applicant is limited to only one such motion with certain exceptions that do not apply here. *See* 8 C.F.R. § 1003.2(c)(2)–(3); *see also Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005) (holding that evidence of childbearing does not fit under exception for changed country circumstances).

In general, we construe liberally the papers of *pro se* litigants. *Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999). Therefore, we have considered whether construing Zheng's motion as a successive asylum application, although it was not styled as such, may afford her a ground for relief. We conclude that such construction cannot benefit Zheng. The BIA is an appellate body with limited jurisdiction to hear certain enumerated appeals, motions to reconsider and motions to reopen. 8 C.F.R. §§ 1003.1(b)(1)–(14), 1003.2(b)–(c). Accordingly, the BIA lacks

jurisdiction to adjudicate a successive asylum application in the first instance.

For the reasons set forth above, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).