**ZENG QIN LIN, Petitioner,**

v.

**U.S. DEPT. OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

No. 05–4715–ag.

United States Court of Appeals, Second Circuit.

April 10, 2007.

Zeng Qin Lin, pro se, Corona, New York, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Ellen W. Slights, Assistant United States Attorney, Wilmington, Delaware, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zeng Qin Lin, a native and citizen of China, seeks review of the July 29, 2005 order of the BIA denying his motion to reopen. *In re Zeng Qin Lin,* No. A73 134 685 (B.I.A. July 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001). In general, we liberally construe the papers filed by *pro* se litigants such as Lin. *Marmolejo v. United States,* 196 F.3d 377, 378 (2d Cir.1999).

■ As a preliminary matter, we lack jurisdiction to review the BIA's March 2005 decision denying Lin's claims on the merits. Where the alien files a timely petition from the denial of a motion, but not from the underlying affirmance of the removal—or exclusion—order, we may review only the denial of the motion. *See Ke Zhen Zhao,* 265 F.3d at 89–90; *see also Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Lin did not file his petition for review until August 2005, which is well beyond the 30–day filing deadline with respect to the BIA's March 2005 decision. *See* 8 U.S.C. § 1252(b)(1). Therefore, only the BIA's July 2005 denial of Lin's motion is properly before us.

■ With respect to the July 2005 order, the BIA properly construed Lin's *pro* se motion as a motion to reconsider. Although Lin titled his motion a "Motion to Reopen," the BIA construes motions according to their substance, not their title. *See, e.g., In re H–A–,* 22 I. & N. Dec. 728 (BIA 1999). The thrust of Lin's motion was that he had established eligibility for asylum and the BIA should "carefully consider" the arguments to this effect found in his brief. A motion to reopen must include "new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). A motion to reconsider, on

the other hand, specifies "errors of fact or law in the prior Board decision." 8 C.F.R. § 1003.2(b)(1). Because Lin did not allege new facts, but argued only that the BIA had erred in its previous decision, the motion was properly construed as a motion to reconsider.

■ A motion to reconsider "must be filed with the Board within 30 days after the mailing of the Board decision." 8 C.F.R. § 1003.2(b)(2). The BIA's decision denying Lin's claim on the merits was rendered in March 2005. Lin did not file his motion until June 2005, well past the 30-day deadline. As such, the BIA properly denied the motion as untimely. Moreover, even if Lin's motion had been timely, because he mainly reiterated the arguments presented in his merits appeal to the BIA, it would not have been an abuse of discretion for the BIA to decline to consider them again. *See Jin Ming Liu,* 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected."). Accordingly, the BIA did not abuse its discretion by denying Lin's motion.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.