**YONG HUI LIU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Service, Respondents.**

No. 04–6101–ag.

United States Court of Appeals, Second Circuit.

June 14, 2007.

Yong Hui Liu, Ocoee, FL, pro se, Petitioner.

Erik C. Peterson, United States Attorney, Western District of Wisconsin, Rich-

ard D. Humphrey, Assistant United States Attorney, Madison, WI, for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Yong Hui Liu, a native and citizen of China, seeks review of the October 22, 2004 order of the BIA affirming the October 9, 2003 decision of Immigration Judge ("IJ") Gabriel C. Videla denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Hui Liu,* No. A78 861 556 (B.I.A. Oct. 22, 2004), *aff'g* No. A78 861 556 (Immig. Ct. N.Y. City Oct. 9, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

In general, we liberally construe the papers filed by *pro se* litigants. *See Marmolejo v. United States,* 196 F.3d 377, 378 (2d Cir.1999). However, "we need not manufacture claims of error for an appellant proceeding *pro se.*" *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995) (citations omitted); *see also* Fed. R.App. P. 28(a)(9)(A) (noting that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *LNC Invs., Inc. v. Nat'l Westminster Bank, N.J.,* 308 F.3d 169, 176 n. 8 (2d Cir.2002).

Even construed liberally, Liu's *pro se* brief does not raise any arguments that address the IJ's substantive findings—notably the adverse credibility determination—and we are not obliged to "manufacture claims of error" on Liu's behalf. *LoSacco,* 71 F.3d at 93; *see Marmolejo,* 196 F.3d at 378. Moreover, there is no indication that declining to consider the arguments waived by Liu would result in a manifest injustice, especially in light of the fact that substantial evidence supports the IJ's conclusions. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7; *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).