**YUN FU HUNG, Petitioner,**

v.

**Alberto R. GONZALES, Immigration
& Naturalization Service,
Respondents.**

No. 06–3892–ag.

United States Court of Appeals,
Second Circuit.

June 27, 2007.

Yun Fu Hung, New York, NY, (pro se).

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Lindsay B. Glauner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Yun Fu Hung, a citizen of the People's Republic of China, seeks review of an August 1, 2006 order of the BIA denying his motion to reopen his immigration proceedings. *In re Yun Fu Hung*, No. A73 186 409 (BIA Aug. 1, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). In general, we liberally construe the papers filed by *pro se* litigants. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir.1999).

Hung filed a single motion seeking both the rescission of his 1997 *in absentia* deportation order and the reopening of his deportation proceedings to submit new evidence. In considering Hung's motion to reopen, the BIA properly applied the substantive standards for both motions to rescind and motions to reopen. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir.2006) (noting that "when an alien filed a single motion that seeks both *rescission* of an in absentia [deportation] order ... as well as reopening ... based on new evidence, [this Court] treat[s] the motion as comprising distinct motions to rescind and to reopen, and review[s] each under the applicable substantive standards"). Therefore, we will evaluate Hung's motion under both standards.

■ As a preliminary matter, Hung does not specifically challenge the BIA's finding that his motion was untimely filed under the standards of either 8 U.S.C. § 1229a(b)(5)(C)(i) for purposes of rescinding an order of deportation issued *in absentia* or 8 U.S.C. § 1229a(c)(7)(C) for motions to reopen. The Government argues that his failure in this respect precludes our review. However, construing broadly Hung's *pro se* brief, *see Marmolejo*, 196 F.3d at 378, in which he disputes the bases of the BIA's decision, we will not dispose of his petition on waiver grounds. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Nonetheless, his arguments are without merit.

■ With respect to his motion to rescind, in his brief before this Court, Hung essentially challenges the IJ's denial of his first motion to reopen as opposed to the BIA's August 2006 denial of his second motion to reopen, arguing that his failure to appear was caused by "objective factors beyond [his] control." Because the IJ and BIA had previously considered and rejected this argument, it was not an abuse of

discretion for the BIA to again reject Hung's arguments regarding notice. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected.").

■ Nor did the BIA abuse its discretion in denying Hung's motion for his failure to present any new evidence. Hung attempts to explain his submission of a doctor's note—entirely in Spanish—in support of his motion to reopen. This note was apparently submitted to prove his forced sterilization. However, Hung fails to address the BIA's conclusion that the evidence could have been discovered or presented during his prior proceedings before the IJ. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."). Given that the alleged sterilization occurred in 1983, more than fourteen years before the *in absentia* order was entered, we do not disagree that the doctor's note was not previously unavailable.

Because the BIA's denial of Hung's motion to reopen rested on the fact that it was untimely and he failed to produce any new, previously unavailable evidence, such denial was not an abuse of discretion. *See Chen v. Gonzales*, 437 F.3d 267, 269–70 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).