**Mohammed A. REHMAN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4224–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

Mohammed A. Rehman, pro se, Long Island City, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney, District of New Hampshire, Donald A. Feith, Assistant United States Attorney, Concord, NH, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Mohammed A. Rehman, a native and citizen of Pakistan, seeks review of the January 9, 2003 order of the BIA denying his motion to reopen. *In re Mohammed A. Rehman,* No. A27 050 129 (B.I.A. Jan. 9, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the

BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

As a preliminary matter, because Rehman petitioned for review only of the BIA's January 2003 denial of his motion to reopen, we will not consider any arguments pertaining to the BIA's October 2002 decision denying his claims on the merits. *See Ke Zhen Zhao,* 265 F.3d at 89–90.

In general, we liberally construe the papers filed by *pro se* litigants. *Marmolejo v. United States,* 196 F.3d 377, 378 (2d Cir.1999). Even construed liberally, Rehman's *pro se* brief does not raise any arguments that address the BIA's denial of his motion. And there is no indication that declining to consider the arguments waived by Rehman would result in a manifest injustice, especially in light of the fact that the BIA denies the motion, which merely repeated arguments that it had previously rejected. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005); *Ke Zhen Zhao,* 265 F.3d at 97; *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.