Ak Manzur ALAM, Johra
Manzur, Petitioners,

v.

Michael B. MUKASEY,[1] United States
Attorney General, Respondent.

No. 05–5448–ag.

United States Court of Appeals,
Second Circuit.

Jan. 28, 2008.

Ak Manzur Alam, Woodside, NY, pro se.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Craig Oswald, Sheri H. Mecklenburg, Assistant United States Attorneys for the Northern District of Illinois, Chicago, IL, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Ak Manzur Alam and his wife, Johra Manzur, natives and citizens of Bangladesh, seek review of a September 27, 2005 order of the BIA affirming the October 27, 2003 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ak Manzur Alam, Mehreen Manzur,*[2] *Johra Begum Manzur,* Nos. A70 892 872, A73 680 017, A70 887 122 (B.I.A. Sept. 27, 2005), *aff'g* Nos. A70 892 872, A73 680 017, A70 887 122 (Immig. Ct. N.Y. City Oct. 27, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see*

*Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007).

As an initial matter, Alam has failed to exhaust his argument that he should be granted relief from removal on account of Islamic militants in Bangladesh and general turmoil in that country. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he or she later raises in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Alam failed to raise this argument on appeal to the BIA, and because the Government has raised this failure to exhaust in its brief, we decline to consider this issue. *See id.* at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

Before this Court, Alam does not directly challenge the IJ's adverse credibility determination or denial of CAT relief. In general, we liberally construe the papers filed by *pro se* litigants. *Marmolejo v. United States,* 196 F.3d 377, 378 (2d Cir.1999). However, we "need not manufacture claims of error for an appellant proceeding *pro se.*" *LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995) (citations omitted). Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Even construed liberally, Alam's *pro se* brief does not raise any arguments that address

---

**2.** Mehreen Manzur was ultimately not included in Alam's asylum application, nor is she     included in his petition for review.

the IJ's substantive findings in support of her adverse credibility determination.[3] Moreover, there is no indication that declining to consider any arguments waived by Alam would result in a manifest injustice, especially in light of the fact that a review of the record reveals that substantial evidence supports the IJ's adverse credibility finding. *See id.*

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**3.** Indeed, Alam appears to concede the problems with his testimony in his argument that any problems were a result of the fact that he testified in English and were further attributable to his mental health issues. Alam exhausted these assertions before the BIA. As the BIA found, the record reveals that Alam "specifically indicated to the Bengali interpreter present at his hearing that he wished to proceed in English [and] did not express any difficulty during his testimony." Alam also argues that the BIA erred in failing to explicitly address his claim that any problems with his testimony should have been attributed to his health problems. Although the BIA did not explicitly address this assertion, the BIA appropriately found that Alam did "not point to any specific portions of the transcript related to his asylum claim where error is apparent." Therefore, substantial evidence supports the BIA's decision denying Alam's argument that his testimony was not credible due to his language and health issues. *See* 8 U.S.C. § 1252(b)(4)(B).

