**WEN LIANG LIN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

No. 07–3244–ag.

United States Court of Appeals, Second Circuit.

April 2, 2008.

Wen Liang Lin, Flushing, NY, pro se.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Edward E. Wiggers, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Liang Lin, a native and citizen of China, seeks review of the July 2, 2007 order of the BIA denying his motion to reopen. *In re Wen Liang Lin,* No. A79 793 265 (B.I.A. July 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, an alien files a timely petition for review from the denial of a motion, but not from the underlying affirmance of a removal order, we may review only the denial of the motion. *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001). Thus, we must confine our review to the BIA's July 2007 denial of Lin's motion, and are precluded from reviewing his challenge to the agency's denial of his underlying claim for relief. *Id.*

However, Lin challenges only the agency's decision that denied his application for relief on adverse credibility grounds, failing to present any argument challenging

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

the BIA's decision that his motion to reopen was untimely. Although we generally construe the papers filed by *pro se* litigants liberally, *Marmolejo v. United States,* 196 F.3d 377, 378 (2d Cir.1999), "we need not manufacture claims of error for an appellant proceeding *pro se.*" *LoSacco v. Middletown,* 71 F.3d 88, 93 (2d Cir.1995) (citations omitted); *see also* Fed. R.App. P. 28(a)(9)(A). Here, even construed liberally, Lin has not challenged the BIA's denial of his motion to reopen in any respect.

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). There is no indication here that declining to consider the arguments Lin has waived would result in a manifest injustice. Indeed, even if we were to review the BIA's decision, we could not find that it abused its discretion by denying Lin's motion. *See id.*; *Ke Zhen Zhao,* 265 F.3d at 97.

For the foregoing reasons, the petition for review is DENIED.