09-0319-ag
Li v. Holder

BIA
Vomacka, IJ
A079 138 320

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of December, two thousand nine.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

XI LI,

> *Petitioner,*

> v.                                    09-0319-ag
>                                        NAC

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark Filip as respondent in this case.

FOR PETITIONER:          *Pro Se*

FOR RESPONDENT:          **Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Linda Y. Cheng, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xi Li, a citizen of the People's Republic of China, seeks review of a January 6, 2009 order of the BIA affirming the August 28, 2007 decision of Immigration Judge ("IJ") Alan A. Vomacka denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xi Li*, No. A079 138 320 (BIA Jan. 6, 2009), *aff'g* No. A079 138 320 (Immig. Ct. N.Y. City Aug. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA issued an independent decision on appeal, rather than relying on the IJ's reasoning, we review the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's findings of fact under the substantial evidence standard. 8 U.S.C. §

1252(b)(4)(B); *see also Manzur v. DHS,* 494 F.3d 281, 289 (2d Cir. 2007). Questions of law and the application of law to undisputed fact are reviewed *de novo. See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

The BIA properly determined that Li was ineligible for relief based solely on his wife's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 313 (2d Cir. 2007) (en banc) (holding that the definition of "refugee" under 8 U.S.C. § 1101(a)(42) does not extend automatically to the partners of individuals who have been forcibly sterilized or forced to have an abortion). Further, the BIA reasonably concluded that Li failed to demonstrate his eligibility for relief on account of his own "other resistance" to China's family planning policy. *See* 8 U.S.C. § 1101(a)(42).

Li testified that when he was threatened with sterilization, he cursed at family planing officials, and went into hiding. However, even if these actions constituted resistance, *see Matter of S-L-L-,* 24 I. & N. Dec. 1, 10-11 (BIA 2006), Li was never arrested, mistreated, or physically harmed on account of that resistance. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340-41

3

(2d Cir. 2006) (finding that harm must be sufficiently severe and rise above "mere harassment" in order to constitute persecution).  The BIA thus reasonably concluded that Li had not suffered past persecution.

Further, Li failed to establish that he has a fear of future persecution on account of those events because, after he went into hiding, he returned to his home on multiple occasions for more than a year, his wife became pregnant again during this time, and he was never approached by family planning officials.  *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best").  The BIA also properly noted that Li's wife, who has had three illegal pregnancies, remains unharmed in China, further undermining his claim, *see Melgar de Torres v. Reno*, 191 F.3d 307, 313-14 (2d Cir. 1999) (finding that the alien's claim of a well-founded fear was diminished where her mother and daughters continued to live in her native country unharmed).

Accordingly, because Li established neither past persecution nor a well-founded fear of future persecution,

4

there was no error in the agency's denial of his application for asylum. Further, because Li was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Even construing broadly his *pro se* brief, *see Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam), Li has waived any challenge to the agency's denial of his request for CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____