10-4507-ag
Cui v. Holder

BIA
Abrams, IJ
A088 996 278

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand twelve.

PRESENT:
        JOSÉ A CABRANES,
        RICHARD C. WESLEY,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

ZHENSHAN CUI,
        *Petitioner,*

        v.                                    10-4507-ag
                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Zhen Shan Cui, *pro se*, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; Franklin M. Johnson, Jr., Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhenshan Cui, a native and citizen of China, seeks review of the October 8, 2010 decision of the BIA affirming the January 26, 2009 decision of Immigration Judge ("IJ") Steven R. Abrams. The IJ denied Zhenshan Cui's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenshan Cui*, No. A088 996 278 (B.I.A. Oct. 8, 2010), *aff'g* No. A088 996 278 (Immig. Ct. N.Y. City Jan. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Cui was not credible as to her claim of

2

past persecution. For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

In finding Cui not credible, the agency reasonably relied in part on her evasive demeanor and failure to respond to certain questions related to her claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Moreover, the agency reasonably questioned Cui's credibility based on her failure to provide credible evidence corroborating her claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)

Specifically, the agency reasonably questioned Cui's credibility based on her submission of a purported abortion certificate as evidence of her allegedly forced abortion, because "United States authorities are unaware of any so-called abortion certificates and that the only document that

might resemble such a certificate is a document issued by hospitals upon a patient's request after a voluntary abortion." *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007) (internal quotation marks omitted) (quoting Bureau of Democracy, Human Rights and Labor, U.S. Dep't of State, *China: Profile of Asylum and Claims and Country Conditions* 24 (Apr. 14, 1998)). In addition, in this case, the agency reasonably relied on additional factors to question the authenticity of that certificate, noting that it was not fully translated, it was issued ten years after the alleged abortion, and it provided Cui's age at the time of the certificate's issuance while inconsistently identifying her employer at the time of the alleged abortion. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007).

Similarly, the IJ reasonably questioned the authenticity of documents Cui submitted to support her assertion that she had been fined twice. For example, the IJ noted that the document related to her first fine was not completely translated and was produced ten years after the alleged fine, and on the exact same date that the questionable abortion certificate was produced. *See Siewe*, 480 F.3d at 169. Thus, the adverse credibility

4

determination was supported by substantial evidence, and the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Xui Xia Lin*, 534 F.3d at 165-66.

Liberally construing Cui's *pro se* brief as challenging the agency's determination that she failed to establish a well-founded fear of forced sterilization, *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999), any such challenge is without merit. The agency did not err in finding that Cui failed to demonstrate a well-founded fear of forced sterilization. The agency reasonably found Cui's claimed fear of forced sterilization based on her desire to have more than one child in the future speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Evidence that Cui's husband remained unharmed in China and that Cui herself had remained in China unharmed, both physically and economically, after the birth of her child in 1999, opening and operating her own successful business without incident, until her departure from that country in 2007 supported the agency's decision. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999)(finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was

weakened).  Accordingly, the agency did not err in concluding that Cui failed to demonstrate a well-founded fear of persecution and that determination stands as a valid basis for denying her applications for asylum, withholding of removal, and CAT relief because those claims were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6