Chen v. Holder

BIA
A078 125 624

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fourteen.

PRESENT:
　　　　RALPH K. WINTER,
　　　　GUIDO CALABRESI,
　　　　ROSEMARY S. POOLER,
　　　　　　*Circuit Judges.*

_____

FENG YU CHEN,
　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　12-3773
　　　　　　　　　　　　　　　　　　NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　Feng Yu Chen, *pro se*, New York, New York.

FOR RESPONDENT:　　　Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Jeffrey R. Leist, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Feng Yu Chen, a native and citizen of the People's Republic of China, seeks review of an August 28, 2012, decision of the BIA denying her motion to reopen. *In re Feng Yu Chen,* No. A078 125 624 (B.I.A. Aug. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

As an initial matter, we need not review the BIA's denial of Chen's motion to reopen insofar as it was based on her claimed fear of persecution under China's family

planning policy because she has not challenged the BIA's decision to that extent. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Regardless, liberally construing her brief as raising such an argument, *see Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999), the BIA did not abuse its discretion in this regard because Chen did not submit any new material evidence as required in a motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA did not err in alternatively denying Chen's motion to reopen as untimely and number-barred. An alien may file only one motion to reopen within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Although Chen's motion was indisputably untimely and number-barred because it was filed more than nine years after the agency's final order of removal and it was her second such motion, *see* 8 U.S.C. § 1229a(c)(7)((A), C)(i), there are no time or numerical limitations for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been

3

ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Chen's contention, her conversion to Christianity constituted a change in her personal circumstances rather than a change in country conditions sufficient to excuse the applicable limitations. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Moreover, the BIA reasonably found that Chen's evidence did not demonstrate a material change in country conditions because that evidence did not indicate that conditions had worsened for individuals similarly situated to Chen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also Jian Hui Shao*, 546 F.3d at 169. Accordingly, the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(C).

Finally, because Chen failed to demonstrate that similarly situated individuals face persecution on account of their religion, the BIA did not err in concluding that she failed to demonstrate her *prima facie* eligibility for

4

relief, which also provided an independent basis for denying her motion to reopen.  *See Abudu*, 485 U.S. at 104.

    For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

5