15-2392-cv
*Allen v. Verizon Wireless*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

---

QUEEN M. ALLEN, WALTRINA RENE WHITMAN,

        *Plaintiffs-Appellants,*                        15-2392-cv

        v.

VERIZON WIRELESS, METLIFE, INC.,

        *Defendants-Appellees.*[*]

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | Queen Melissa Allen and Waltrina Rene Whitman, *pro se*, Bloomfield, CT. |
| **FOR DEFENDANT-APPELLEE VERIZON WIRELESS:** | Peter C. Moskowitz, Jackson Lewis P.C., New York, NY; Sarah R. Skubas, Jackson Lewis P.C., Hartford, CT. |

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

**FOR DEFENDANT-APPELLEE METLIFE, INC.:**    Michael H. Bernstein, Matthew P. Mazzola, Sedgwick LLP, New York, NY.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants Queen M. Allen and Waltrina Rene Whitman, both proceeding *pro se*, appeal from a June 23, 2015 order granting partial summary judgment in favor of Verizon Wireless ("Verizon") and MetLife, Inc. ("MetLife"), made appealable pursuant to an entry of final judgment on August 12, 2015. Plaintiffs had brought claims under the Americans with Disabilities Act ("ADA"), Family and Medical Leave Act ("FMLA"), and Employee Retirement Income Security Act ("ERISA"), as well as state-law claims for breach of contract, intentional and negligent infliction of emotional distress, and invasion of privacy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We first address the scope of our jurisdiction over this appeal.[1] Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure requires an appellant to "designate the judgment, order, or part thereof being appealed" in the notice of appeal. Our jurisdiction over the subsequent proceedings is "limited by the wording of the notice." *New Phone Co. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007).

Here, we have jurisdiction only over the District Court's order of June 23, 2015, which is the only judgment or order designated in plaintiffs' July 23, 2015 notice of appeal.[2] That order, which granted partial summary judgment, was nonfinal, and plaintiffs' notice of appeal from that order was therefore premature. *See LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996). Nonetheless, the premature notice ripened into a valid notice once the District Court entered

---

[1] Although the parties do not question our jurisdiction to resolve all of plaintiffs' claims on appeal, we have an independent obligation to determine our appellate jurisdiction. *See, e.g.*, *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006).

[2] The notice of appeal designated the District Court's "final judgment granting [MetLife's] Motion for Summary Judgment and denying in part [Verizon's] Motion for Summary Judgment in this action on the 23rd day of July, 2015." The District Court did not enter any order on July 23, 2015, nor did it enter any judgment on or before that date. Accordingly, we construe the notice as referring to the court's order of June 23. *See Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (noting that we liberally construe notices of appeal filed by *pro se* litigants).

final judgment on August 12, 2015. *See Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 663 n.6 (2d Cir. 2012).

The notice of appeal does not give us jurisdiction, however, over the one claim that remained after the summary judgment ruling: Allen's claim against Verizon for FMLA interference, arising out of her February or March 2010 application for leave. Plaintiffs filed their notice of appeal after Verizon filed a motion for reconsideration on that claim, but before the District Court granted the motion and entered the final judgment. Plaintiffs never filed an amended notice of appeal. Accordingly, plaintiffs have not appealed from the District Court's reconsideration and grant of summary judgment on the FMLA interference claim. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Sorensen v. City of New York*, 413 F.3d 292, 295–96 (2d Cir. 2005); *see also Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) (holding that we cannot construe a notice of appeal as contemplating review of a subsequent order).

Having clarified our jurisdiction, we turn to the merits of plaintiffs' appeal. We review orders granting summary judgment *de novo*, focusing on whether the district court properly concluded that there was no genuine issue as to any "material fact and that the moving party [was] entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We must "resolve all ambiguities and draw all factual inferences in favor of the [nonmovant]." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon independent review of the record and relevant law, we conclude that the District Court properly granted summary judgment in favor of Verizon and MetLife, and we affirm for substantially the reasons stated by the District Court in its thorough June 23, 2015 decision.

## CONCLUSION

We have reviewed all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk