**Xiu Mei GAO, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–1409AG.**

United States Court of Appeals,
Second Circuit.

Jan. 27, 2006.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Alberto R.

Xiu Mei Gao, New York, New York, for Petitioner.

Paul M. Warner, United States Attorney, District of Utah, Diana Hagen, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT

**IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Xiu Mei Gao petitions for review of the February 2004 order of the BIA affirming the decision of the immigration judge ("IJ") to deny her application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Gao contends that the BIA incorrectly affirmed the IJ's denial of her claim for asylum and that the IJ's adverse credibility determination was not supported by substantial evidence. Familiarity with the facts and the procedural history of the case is presumed.

This Court reviews the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). However, we review *de novo* the BIA's determinations regarding the application of legal principles to the facts of a particular case. *Secaida–Rosales*, 331 F.3d at 307. Since the BIA did not affirm or adopt the IJ's adverse credibility finding, we do not review that factual determination here. *See Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005) (citing with approval the statement in *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir.2003) that "only if the BIA expressly adopts or defers to a finding of the IJ, will we review the decision of the IJ"). Instead, we review only the BIA's

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

conclusion regarding Gao's eligibility for asylum.

As a preliminary matter, we assume that the BIA committed a typographical error in this aspect of its decision. The BIA first stated that it found Gao to have failed to meet her burden of proving eligibility for asylum, withholding of removal and CAT relief. In the very next sentence, however, the BIA expressed agreement with the IJ's finding that "the respondent has established past persecution or has a well-founded fear of future persecution." Given that the IJ found that Gao had not, in fact, met these standards, and further that the BIA affirmed the IJ's decision, we take the former sentence to correctly express the BIA's decision.

 The BIA's approval of the IJ's finding that Gao had failed to establish past persecution or a well-founded fear of persecution was correct. Because children are not *per se* eligible for asylum on account of their parents' victimization, Gao must prove past persecution and is not entitled to a presumption of a well-founded fear of persecution. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 304 (2d Cir.2005) (distinguishing from the spousal persecution rule, whereby a spouse of a person persecuted is *per se* entitled to asylum relief). There is no evidence that Gao had ever been arrested, detained or even confronted by the authorities in regard to practicing Falun Gong. Accordingly, she has not suffered past persecution.

Gao also has not established that she has a well-founded fear of future persecution as none of her uncorroborated testimony, even if credited, suffices to establish that a reasonable person in her position would fear persecution upon return to her native country. *See Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999).

Because Gao has not made any argument regarding her withholding of removal claim or relief under CAT, those claims are deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal" (quotation omitted)).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).