08-4240-ag
Zou v. U.S. Department of Justice

BIA
Hom, IJ
A98 347 954

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand ten.

PRESENT:

> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,[*]
> > *Circuit Judges.*

_____

QIAO YAN ZOU,[**]
> *Petitioner*,

> v.                                    08-4240-ag
>                                       NAC

U.S. DEPARTMENT OF JUSTICE, ATTORNEY
GENERAL & IMMIGRATION AND NATURALIZATION SERVICES,
> *Respondents*.

_____

[*] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. <u>See</u> 28 U.S.C. § 46(d); Local Rule 0.14(2); <u>United States v. Desimone</u>, 140 F.3d 457 (2d Cir. 1998).

[**] In her brief, the Petitioner indicates that the proper spelling of her name is "Qiao Yan Zou." The clerk's office is directed to make this change on the official caption.

**FOR PETITIONER:**     Qiao Yan Zou, *pro se*, Brooklyn, N.Y.

**FOR RESPONDENTS:**    Michael F. Hertz, Acting Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Qiao Yan Zou, a native and citizen of China, seeks review of an August 8, 2008 order of the BIA affirming the August 22, 2006 decision of Immigration Judge ("IJ") Sandy Hom, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiao Yang Zhou*, No. A98 347 954 (B.I.A. Aug. 8, 2008), *aff'g* No. A98 347 954 (Immig. Ct. N.Y. City Aug. 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We need not reach the merits of the agency's adverse credibility determination because Zou waived any challenge to that determination. In her brief to this Court, Zou states that she disagrees with the IJ's and BIA's decisions, but does not acknowledge that the agency rendered an adverse

credibility determination, much less argue that such determination was in error. Although we liberally construe the papers filed by *pro se* litigants, *see Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999), we "need not manufacture claims of error for an appellant proceeding *pro se*," *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995); *see also* Fed. R. App. P. 28(a)(9)(A) (noting that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Accordingly, any challenge to the agency's adverse credibility determination is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005)

Because Zou waived any challenge to the agency's adverse credibility determination, and because that finding was dispositive of each of her applications for relief, we deny the petition for review. *See Paul v. Gonzalez*, 444 F.3d 148, 156 (2d Cir. 2006).[***]

_____

[***] We note that even if we were to review the credibility determination, it was supported by substantial evidence where it was properly based on: (1) inconsistencies regarding Zou's claim that she was arrested for participating in an underground Christian church; (2) inconsistencies regarding her claim that she was beaten while detained; (3) lack of corroboration; and (4) the IJ's finding

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

that her demeanor indicated that she was not testifying credibly. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Majidi v. Gonzales*, 430 F.3d 77, 79-81 (2d Cir. 2005).