21-6146
*Bai v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of July, two thousand twenty-four.

PRESENT:
> Gerard E. Lynch,
> Susan L. Carney,
> Steven J. Menashi,
> > *Circuit Judges.*

_____

YU BAI and XIANLING HE,

> *Petitioners*,

> v.                                                                 No. 21-6146

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

*For Petitioners*:     Yu Bai, pro se, Queens, NY.

*For Respondent:*     Lynda A. Do, Trial Attorney (Brian M. Boynton, Acting Assistant Attorney General, Civil Division; Julie M. Iversen, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Upon due consideration of the petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition is **DENIED**.

Petitioners Yu Bai and Xianling He,[1] natives and citizens of the People's Republic of China, seek review of a decision of the BIA of February 17, 2021, that affirmed a decision of an Immigration Judge ("IJ") of September 26, 2018, denying Bai's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Yu Bai and Xianling He,* No. A 208 010 286/287 (B.I.A. Feb. 17, 2021), *aff'g* No. A 208 010 286/287 (Immigr. Ct. N.Y.C. Sept. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA does not expressly adopt the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, this Court may consider both the IJ's and the BIA's opinions for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). If "the BIA did not affirm or

---

[1] He is Bai's wife and therefore a derivative beneficiary of Bai's asylum application. *See* 8 U.S.C. § 1158(b)(3).

adopt the IJ's adverse credibility finding," however, "we do not review that factual determination here." *Xiu Mei Gao v. Gonzales*, 164 F. App'x 129, 130 (2d Cir. 2006).

While a "document filed *pro se* is 'to be liberally construed,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "a pro se litigant abandons an issue by failing to address it in the appellate brief," *Green v. Dep't of Educ.*, 16 F.4th 1070, 1074 (2d Cir. 2021). In other words, "[a]lthough we liberally construe the papers filed by *pro se* litigants, we 'need not manufacture claims of error for an appellant proceeding *pro se*.'" *Qiao Yan Zou v. DOJ*, 364 F. App'x 712, 713 (2d Cir. 2010) (citation omitted) (quoting *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995)).

In this case, the IJ determined that Bai was not credible regarding his allegations of past persecution. The BIA, however, did not rely on that determination. Instead, the BIA assumed that Bai was credible but agreed with the IJ's alternative holding that, even if Bai suffered past persecution, "the DHS rebutted the presumption that the respondent has a well-founded fear of future persecution." Cert. Admin. R. 4.

In his brief before our court, Bai argues that the IJ erred in finding that his account of past persecution was not credible. He asserts further, in a single conclusory sentence, that "[t]he IJ's and the BIA's finding that Petitioner failed to establish a well-founded fear of future persecution" was "not supported by the record" and "should not stand." Petitioner's Br. 21. But Bai does not argue that the BIA erred in affirming the IJ's decision that the presumption of a well-founded fear of future persecution had been rebutted.

Because the BIA did not adopt the IJ's adverse credibility finding, "we do not review that factual determination here." *Xiu Mei Gao*, 164 F. App'x at 130. "In this posture, we may not rest our holding on the IJ's credibility findings, because the BIA did not affirm and adopt those findings." *Yan Chen v. Gonzales*, 417 F.3d

268, 271 (2d Cir. 2005). Instead, "the BIA indicated explicitly that it was deciding the case on the assumption, contrary to the IJ's finding, that [Bai's] testimony was credible," and we must "review the decision of the BIA." *Id.* Bai's argument that the IJ erred in finding him not to be credible does not challenge any holding of the BIA.

Bai does not argue that the ground on which the BIA rested its decision—that, even assuming past persecution, the presumption of a well-founded fear of future persecution had been rebutted—was erroneous. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2005) (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998)). Because Bai "devotes only a single conclusory sentence to the argument that he met his burden of showing a well-founded fear of persecution," we "deem his petition for review of the IJ's finding as to this claim abandoned and do not consider it." *Id*. We deny the petition for review because Bai offers no substantive challenge to the BIA's decision.

\*      \*      \*

We have considered Bai's remaining arguments, which we conclude are without merit. For the foregoing reasons, the petition for review is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court